UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORRY THAMES,

      Plaintiff,

v.                                                      Case No. 11-15294
                                                        Honorable Patrick J. Duggan

MICHAEL J. ASTRUE, Commissioner of
Social Security,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff filed an application for social security benefits on November 24, 2009, alleging that she became disabled on September 1, 1993.  The Social Security Administration denied Plaintiff's application for benefits initially.  Upon Plaintiff's request, Administrative Law Judge David S. Lewandowski ("ALJ")  conducted a *de novo* hearing.  The ALJ issued a decision on May 19, 2011, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits.  The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.  Plaintiff thereafter initiated the pending action.  Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Michael J. Hluchaniuk for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 13, 2013, Magistrate Judge Hluchaniuk filed his Report and Recommendation (R&R) recommending that this Court grant Plaintiff's motion for

summary judgment, deny the Commissioner's motion, and remand the matter to the

Social Security Administration pursuant to the fourth sentence of 42 U.S.C. § 405(g) for

additional proceedings consistent with the R&R.  (ECF No. 19.)  In the R&R, Magistrate

Judge Hluchaniuk rejects Plaintiff's claim that the hypothetical question the ALJ posed to

the vocational expert failed to account for all of Plaintiff's difficulties.  (*Id.* at 21.)

Magistrate Judge Hluchaniuk, however, *sua sponte* raises concern about the ALJ's failure

to obtain an expert opinion on the issue of equivalence as to Plaintiff's physical

impairments where Plaintiff's case was evaluated under the single-decision maker (SDM)

model.  (*Id.* at 21.)  The magistrate judge concludes that this "error" requires remand.  (*Id.*

at 23.)

    At the conclusion of the R&R, Magistrate Judge Hluchaniuk advises the parties

that they may object to and seek review of the R&R within fourteen days of service upon

them.  The Commissioner filed objections to the R&R on March 20, 2013.

### Standard of Review

    Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party . . . may obtain a review of such decision by a civil
> action . . . The court shall have the power to enter . . . a
> judgment affirming, modifying, or reversing the decision of
> the Commissioner of Social Security, with or without
> remanding the cause for a rehearing.  The findings of the
> Commissioner of Social Security as to any fact, if supported
> by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human*

2

*Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court generally must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). However, where the ALJ failed to follow the Social Security Act's procedural regulations, the ALJ's decision must be reversed even if the decision is supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

3

**Analysis**

No objections are raised to Magistrate Judge Hluchaniuk's finding that the ALJ's hypothetical question to the vocational expert adequately encapsulated Plaintiff's difficulties.  Having carefully reviewed the magistrate judge's analysis of this issue, the Court concurs in his conclusion.  Plaintiff has raised no other arguments as to why this Court should find that substantial evidence in the record did not support the ALJ's decision.  Instead, Magistrate Judge Hluchaniuk *sua sponte* raised an issue as to whether the ALJ followed the Social Security Act's procedural regulations for cases using the SDM model.

Plaintiff, however, has made no arguments or put forth any evidence from which to conclude that her impairments met or equaled one of the listings in the regulations.  It was Plaintiff's burden to make this showing.  *See Lusk v. Comm'r Soc. Sec.*, 106 F. App'x 405, 411 (6th Cir. 2004).  In this respect, her case is distinguishable from other cases where a remand was found to be necessary due to the ALJ's failure to consult an expert on the equivalency determination.

**Conclusion**

For the above reasons, the Court finds merit to the Commissioner's objections and rejects Magistrate Judge Hluchaniuk's recommendation to grant Plaintiff's motion for summary judgment, deny the Commissioner's motion, and remand the matter.  Magistrate Judge Hluchaniuk is correct that the ALJ posed a sufficient hypothetical question to the vocational expert and Plaintiff raises no other argument as to why substantial evidence in

4

the record did not support the ALJ's disability determination.  The Court therefore

concludes that Plaintiff's motion should be denied and the Commissioner's motion should

be granted.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is

**GRANTED**.

Date: March 26, 2013                          s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE


Copies to:
John M. Brissette, Esq.
AUSA Andrew J. Lievense
Special AUSA Russell Cohen
Magistrate Judge Michael Hluchaniuk